Thank you, Your Honor. May it please the court, and with the court's permission, I would like to please reserve three minutes for rebuttal. This is a diversity jurisdiction case arising under Montana substantive law. It's our position that the district court allowed the claims to proceed to the jury under a mistake of law and that the standard of review is de novo. The district court erred by allowing plaintiffs, contrary to Montana law, to maintain a claim for parasitic emotional distress damages arising out of damage to personal property. In doing so, the district court ruled that such damages are available despite there not being a single case where the Montana Supreme Court has allowed parasitic emotional distress damages out of damage to personal property. In doing so, the district court expanded Montana tort recovery to a place that no other jurisdiction has gone before, and in doing so, the district court nullified long-standing Montana case law, establishing a heightened standard for bringing an emotional distress claim where such damages are not otherwise recoverable. What case what case law is that that imposes that heightened standard? And that is where in SACO versus High Country Independent Press. Doesn't Jacobson say SACO doesn't apply to parasitic claims? That is accurate, except that the Jacobson case is a bad faith insurance case. It is a separate claim, and so SACO establishes this heightened standard for situations where the Montana Supreme Court has not otherwise allowed claims for emotional distress. And what the court, the district court, did is looked at a few of so-called exceptions and made a logical error known as a hasty generalization. That's the assumption because the Montana Supreme Court has recognized a few exceptions to the SACO requirement that the Montana Supreme Court has acknowledged emotional distress claims for all torts, including damage to personal property. However, the exceptions do not become the rule. Are you familiar with the White v. Longley? I'm not thinking of White v. Longley off the top of my head. It's another case where there was a parasitic claim and a similar argument was made and the court said SACO applies only to independent causes of action for infliction of emotional distress and not to emotional distress claimed as an element of damage arising from a different cause of action sometimes called parasitic claims. And this was a fraud claim. So how does your argument consist? That seems to suggest that the broader reading of Jacobson is correct. Well, Your Honor, I think if you walk through the types of claims where the Montana Supreme Court has specifically allowed them, they are very specifically the types of claims where emotional distress damages have always been allowed in tort. So, for example, the parasitic claims arise where you have personal injury claims involving a personal, a physical injury. They arise in discrimination claims, such as vortex fishing systems, in insurance, bad faith claims, and damage to real property, where you have evidence of loss of use and enjoyment of land. But the Montana Supreme Court has never allowed personal injury, emotional distress claims arising out of damage to personal property. And the problem with making that, you know, and I can't speak to the white claim, but I think fraud is, again, a different sort of claim involving a different standard of care and a different element of damages than damage to personal property, such as this case. And that's detailed in our briefs, that all of those so-called exceptions are simply long-standing damages that have long been available for certain types of tort in both Montana and otherwise. And the other side of it is, if, in fact, all torts, no matter what tort is claimed, can bring a parasitic claim for emotional distress damages, then the SACA ruling is completely eradicated. It has no meaning. And the rule in Montana is, pardon? Yeah, I have a question, but doesn't the Jacobson case address the issue? And don't they divide the cases between standalone claims, which have the heightened standard, and then parasitic claims, which are not subject to that standard? Doesn't the Jacobson case talk about, and they don't really talk about the type of claim it is, the dividing line for them appears to me to be standalone claims versus parasitic claims. Am I incorrect? I think you're correct that that's how the court gets there in the Jacobson case, but it cannot be separated from the nature of the claim that is being made in Jacobson. There are a number of torts where there have always been allowed emotional distress claims. The Montana Supreme Court has never said that emotional distress claims are allowed as parasitic to all torts, and they've never ever allowed, there's not been a single case cited by the plaintiffs or in any of the briefings or the district court where they have allowed emotional distress claims arising out of damage to personal property, which is what we have here. And so, and then the other side of that is if, in fact, this court were to say, well, all torts, you can have these parasitic claims, that erases SOCO. It gives SOCO no meaning whatsoever, because under, because obviously you need to have a tort for an underlying standalone claim. And so this idea that a plaintiff can either choose the heightened standard or choose parasitic erases the Montana Supreme Court's decision in SOCO. And it's important when you're looking at SOCO that the Montana Supreme Court overtly held that the purpose of the rule was to address the major policy issues that limit claims for emotional distress. That is a floodgate of litigation and unlimited liability for defendants. And that's why the law in Montana is that the law distress inflicted is so severe that no reasonable person can be expected to endure it. And under the plaintiff's argument and the district court's rules, a claimant who establishes a tort, any tort, can then choose, do I want the lower standard or the higher standard? And that would open the very floodgate warned against by the Montana Supreme Court in the SOCO rule line. And it's clearly not in the law in Montana. If the district court is correct, and the children's system can simply pick their standard of care, every property claim in the state of Montana, every fender bender, every broken mirror, every motor vehicle property loss would necessarily include a claim for emotional distress. And they would constitute the majority of claims in the that the law in Montana was unclear on this point. What would be your position on whether it should be certified to the Montana Supreme Court for clarification? Well, Your Honor, I don't believe that the law is unclear, which is why a certification wouldn't be correct because wouldn't be accurate. Because I do believe that the Montana Supreme Court has demonstrated in three ways that the law is clear. First of all, there is long standing case law that does not allow emotional distress in every claim. That's the day case that we cite in our briefing. And while it is an old case, it predates SOCO. SOCO then establishes what the standard is for the state of Montana, when you have a claim for emotional distress on a tort that's not otherwise allowing emotional distress damages, such as discrimination, bad faith, fraud, loss of use of property. And then third, the fact that there is not a single case law in Montana or any other jurisdiction where these types of damages have been allowed. The Montana Supreme Court has never allowed emotional distress damages as a result of damage to personal property. And in the briefing, you do not find a single case cited to Montana or for that matter, any other jurisdiction where that's allowed because the Montana Supreme Court has consistently limited emotional distress claims, certain types of tort. Other claims can only be made under the SOCO standards. So I don't believe that there's a need for a certification given that the Montana law is actually clear and it's long-held jurisprudence in that regard. Council, you listed among the cases in which a parasitic claim for emotional damages is permitted, the real property cases. And you commented that it was because of the loss of use. Why would that be different than, why would a real property case be different from a personal property case? Well, it's actually long-standing established jurisprudence and not unrelated to the case. We just heard the idea that homes, real property are what we considered in U.S. jurisprudence as personal identity property. And we've cited to a law review article by Margaret Radden in the Stanford Law Review, who talks about the idea we provide separate protections to loss of use of real property than we do for loss of use of personal property. And that's exactly, if you go to the Maloney case, which is the case where the Montana Supreme Court did allow personal emotional distress damages for damage to real property, they walk through that exact analysis, how this is personal identity property, which is what we link throughout the United States, and then recognize loss of use and enjoyment as a damage claim. And it should be noted that loss of use and enjoyment property, which is the emotional distress damage property for real property claims, has been recognized in Montana law since 1983. Well, isn't the Maloney case you just cited, doesn't it cast doubt on the continued vitality of the Day case? It does in some ways, because the Day case discusses just generally, is damage to real property give rise to emotional distress damages? And the Day case, which creates FACO, says no. Then in the Maloney case, they went into a different type of analysis. And what they really said is that this loss of use of enjoyment, loss of use and enjoyment of real property is a long standing type of emotional distress claim that they have recognized since 1983 under the French case. That's distinct from a simple emotional distress claim as we have here. In this case, this case is damage to personal property for which there is no precedent whatsoever, none cited in the briefing, none in the Montana Supreme Court's jurisprudence, and none in any other jurisdiction that's been cited or that we can find. And again, notably, to hold otherwise erases FACO. FACO would have no meaning whatsoever. With that, I'd like to reserve time for rebuttal. All right. Thank you. We'll hear now from Mr. Rhodes. Thank you, Your Honor. May it please the court, Quentin Rhodes on behalf of the Childress' I trust that I can be heard just fine. We're coming across just fine. Thank you. Thank you, Judge Collins. You kind of put your finger on it earlier with the question to counsel. The state law here, there's not a controlling case on this specific issue. And in view of that, I would direct the court's attention to a case that decided in 1971 called State Farm Mutual Auto Insurance v. Murnion. That's 439 F. 2nd 945. In that case, similarly, there was not a controlling state law case to be relied upon. And this court said, quote, The federal district judge here is a Montana lawyer with considerable experience. We agree with Professor Moore that an interpretation of local law by federal judges experience therein should be given great weight. This court continued, quote, Since there is no state law on this point, we cannot conclude that the able and experienced district judge was, quote, induced by a clear misconception or misapplication of local law. Are you saying we don't review the district court's interpretation of Montana law de novo, which applies some deference standard? Well, this is the holding of State Farm Mutual, quote, Under these circumstances, this court has consistently held that it will defer to the views of the district judge unless convinced that they were clearly wrong. Unquote. That's the burden that you've set for someone in Costco's position with respect to a district court judge such as Judge Malloy in this case, with five decades of experience as a practitioner and as a district court judge and his view of local law in the absence of clear guidance from the Montana Supreme Court. Now, if there was clear guidance from the Montana Supreme Court, and I can argue, then de novo would clearly apply, but we're in a different situation here. And that's what State Farm Mutual Auto Insurance tells us, that in this different situation, that's the deference that you should give. Now, why don't you tell us on the merits why you think you win under Montana law? Well, Your Honor, it goes back to the facts of this case, and it's interesting that counsel would emphasize that in Maloney, what was at issue was personal identity property, because that's the facts of this case. We did have a vehicle that was stolen and was gone for an hour, hour and a half, but that's not what caused the emotional distress. I mean, it was distressing. There was some distress involved. What caused the distress here was what was missing from the vehicle, and that would include a two-way police band radio, a firearm, a loaded firearm, keys, including housing, the keys to the Childress' home, and finally, personally identifiable information in their glove compartment that identified not address of their home. So here we have not the theft of some kind of chattel, like a car or a purse even, if there's no personally identifiable information, or say cash. What we're talking about here is really the loss of safety and use of our client's home, because they knew that the thief not only had the radio, the police radio, the loaded gun, the keys to their home, but the address to their home. That's what she says the case doesn't allow, just doesn't allow for emotional damages for this kind of a tort. What's your response to that? What case do you say disproves that? Well, whether or not the case, the day case stood for that, Maloney changed that, and Maloney did so, and the very reason that counsel described is we have involved in Maloney personal identity property. Someone's home is at stake, and that's what makes it different. Even if there was a general rule, which there's not, that personal property damages don't give rise to emotional distress damages as a general damage for a tort, there's no case law that says that. This is a special kind of case like Maloney involving the home, the party's home, something that personal, and so it's very similar to Maloney in that sense. If you had in a Maloney case some investment property, or some speculation property, or commercial property that you were going to develop in the future, you wouldn't have that same aspect, that personal identity issue at stake. So it's not the nature of the real property, it's not the nature of the property as real property in Maloney, it's the nature of the property as personal property, property that's identified with the person, and the loss of use of that property, and in our case, the loss of the safety associated with your home. In other words, for a period of time, these folks felt homeless because of this tort, and so consequently, it's very similar to the facts in Maloney, and the law should be similar. Okay, so are you contending that emotional distress damages are available for every negligence tort in Montana, or for some different rule? Well, your honor, I think the general rule in Montana is illustrated starting in Vortex, and going through Seltzer, and Lorraine, and Jacobson, and finally in White. You have a full decade of case law indicating that cases of torts. So that's the rule. The problem with that argument is footnote three in Jacobson, because footnote three addresses the question whether or not it's available for the claim, and it discusses all state, seems to assert that emotional distress damages are not available in the context of a third-party UTPA claim. This assertion is without merit, and then says emotional distress damages are available in the context of insurance bad faith, whether brought under the UTPA or the common law. That kind of suggests that Jacobson was taking, in everything it said about emotional distress, it was taking as a given that they were available for the particular tort, and did not say that they're available on every tort in Montana, so that every negligent plaintiff can claim emotional distress for anything. Well, the interesting thing about Jacobson, your honor, is its reliance on Vortex, and its reliance on Vortex is not in footnote. In Jacobson, it says, quote, the severity of the harm should govern the amount, not the availability of recovery, unquote. So that was in 2009 in Jacobson, and it's quoting from the Vortex case, which is a discrimination case that was decided in 2001. So Jacobson is within the line of cases. But isn't that begging the question, whether or not they're available for the tort in the first place, which Jacobson treats in footnote three as a distinct and separate question? Well, I think it raises that question with respect to the particular facts of that case, your honor, and I don't disagree with you on that, but I think the fact that it's placed in a footnote makes it less important than the fact that Jacobson is quoting from the Vortex case that does not involve insurance at all. It's a general tort principle that is followed in the case that you identified the next year in white that says that if there's a tort in general, then you have emotional distress damages. Now, if you have a case where there's nothing but the intentional infliction of emotional distress, and that's the object of the tort fees are against the victim, then you have intentional infliction of emotional distress or negligent infliction of emotional distress. Then you're over in SACO country, and there you have to show something special. But all these other cases are general damage or tort cases where the court has ruled that in general, if there's a tort and there's emotional distress, that's simply an element of the claim. And again, it's not a question of whether they're available. It's just a question of how much should the planet be a war. But then why would anyone ever plead the SACO tort? I mean, if emotional distress without the elevated SACO showing is available to every negligence tort in Montana, why would anyone ever plead the SACO tort? It's not available in every tort in Montana. The intentional infliction and the negligent infliction theory is that someone did something to you without violating any of your other rights. The only object they had in their conduct was to hurt you emotionally. So in this case, we have negligence of taking care of personal property. In another case, we might have constructive fraud like in white and by involving a contract. In the other torts where there's separate elements, not including just hurting someone emotionally, then you have a general tort damage. In intentional infliction and negligent infliction, these are very rare cases where someone knows something about you or has some kind of angle on you where they could hurt you emotionally without violating any of your other rights. And that's a special kind of case and it has a special rule. It's not the general rule. It's the exception. And with that, Your Honor, again, we would urge that in a case like this where there's no clear guidance from the local jurisdiction, then there should be deference given to Judge Malloy and his knowledge and ability in this 50 years of practicing and then the judgment be affirmed. With respect to the other issues in the case, we rest on our briefing unless the court has any questions. Well, I do have a question. What's your response to the contention that they were whipsawed by the treatment of the may use list? And our thought on that, Your Honor, is that's something that the district court warned us of from the very beginning. And we were told that if we were going to use an exhibit, we better put it on the will use list. And if we thought, well, something could arise in this case to make some of these other documents important, that we put those on the may use. Now, if something arises that you didn't expect and you don't have it on your may use, you can't use it at all. Did you make clear that documents for cross-examination had to go on the will use as opposed to the may use list? Well, the court allowed cross-examination from the may use list. It was just the admission to the jury. So the may use list was used two, three, four times to cross-examine both the treating physician as well as the plaintiff. And so the court didn't preclude that information from being used in cross-examination. But the judge said that if you're going to introduce this stuff into evidence, you put it on the will use list if it's something you can anticipate. Now, if you can't anticipate it, then tell me why you couldn't anticipate it. And so I should let you use the may use. That's what happened here. It's common practice here in the District of Montana. We've been doing it for 25 years, at least since I was a law clerk here. And it's how they run their courts here. And it makes sense because you need to warn the other side of the documents you intend to use for exhibits. And you need to let them know what you may use if something comes up. But you need to be able to give the other side and the district court judge what they're going to focus on as the exhibits in the case. And again, cross-examination, I understand that's different, but they were allowed to use their may use exhibits for cross-examination. We thank the court for its time. And again, we urge that the decision be affirmed. Thank you. Okay, thank you, Your Honor. I just have a couple of quick brief points. First of all, I have to disagree. I think under the briefing under the case law, it's very clear that this is a concern over a mistake of law where the standard of review is de novo. Secondly, the clear issue regarding does Montana always allow parasitic claims for torts? And that's simply not the case in Montana. This case falls directly under SACO. Montana allows parasitic damages in certain types of torts that have been clearly recognized. He talked about the Vortex case. That's a discrimination case where there's long-standing jurisprudence in that regard. He talked about, and then to revisit the White case that Your Honor talked about, that was a construction fraud case where there was damage to real property and the house had to be taken down and put back again. Counsel, how do you respond to the point that what the emotional damages attached to was the of certain items that were sort of intimately connected with the real estate, that is with their home in Idaho, namely the keys, their addresses and ID and things like that. If we were just talking about the car, I think your point might be well taken. But when we've got things that are sort of intimately connected and wrapped up with people's lives, that goes beyond just mere personality. Some of that is connected to Well, there is a distant connection to the real estate, but the truth is the loss of use that they incurred was not as a result of damage to the real estate. It was a result of their emotional response to the fact that they had had personal property taken. And I think that that is a different situation and a situation that Montana law contemplates very specifically in SACO. If, in fact, you have a strong emotional response to some sort of tort regarding personal property, you can make that claim in Montana. You simply have to make the claim under the heightened standards established in SACO. And that's where that that comes into play. And they certainly they plied that claim and maintain that claim. And I have to simply reject Plaintiff's argument that somehow the NIED claims exist when there is no other duty. Clearly, negligence is a part and parcel of that tort under the SACO claims. I also wanted to mention on the cross-examination, the will call, may call list, as Judge Collins asked, there was no clarification that that did not apply to cross-examination. On the contrary, it clearly was meant as if it should have been an impeachment list. And that's how the judge converted it. But under Rule 403, will call documents all went into evidence. And 403 would have resulted in cumulative evidence for documents that we needed to know if those claims would be made at trial. And with that, Your Honor, I would ask that the judgment be vacated and remanded such that there was an entry of judgment only on the property damage claim. Thank you, counsel. The case just argued will be submitted. And that completes the calendar for today and for this session of the court. Hear ye, hear ye, all persons having had business with the Honorable the United States Court of Appeals for the Ninth Circuit will now depart for this court for the session now stands adjourned.
judges: Bybee, Soto, Collins